UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| RUMFORD FREE CATHOLIC LIBRARY, INC., *et al.* ) ) )         Plaintiffs, ) ) v. ) ) ) TOWN OF RUMFORD, *et al.* ) )         Defendants. ) | CASE NO.:  2:20-cv-00066-JDL |

## RENEWED MOTION TO DISMISS COMPLAINT

Defendants Oxford County Board of Assessment Review (the "Board"), Wade Rainey ("Mr. Rainey"), and the Hon. Jarrod Crockett ("Judge Crockett") (the Board, Mr. Rainey, and Judge Crockett, at times collectively referred to as the "Oxford Defendants"), by and through undersigned Counsel, hereby renew their Motion[1] pursuant to Fed.R.Civ.P. 12(b)(6) to Dismiss the Amended Complaint ("Complaint" or "Compl.")[2] filed by the Rumford Free Catholic Library

---

[1] The Library initiated this action in the United States District Court for the District of Rhode Island. The Oxford Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(6). The Rhode Island District Court then transferred the action to this Court based on improper venue without addressing the merits of the Oxford Defendants' arguments in support of dismissal for failure to state a claim upon which relief may be granted. (Doc. 45.) Accordingly, and in an abundance of caution, the Oxford Defendants are filing this renewed Motion to Dismiss for failure to state a claim, which would again alter the deadline for answering the Complaint. To the extent the Court disagreed, the Oxford Defendants respectfully request that any deadline for answering the Complaint be stayed pending the Court's clarification of the status of the Oxford Defendants' Motion(s) to Dismiss.

[2] Various versions of the Complaint have been filed with the Court. The Library amended the Complaint once. (Doc. 9.) It then moved to correct its Amended Complaint, attaching another version of the Complaint to that Motion. (Doc.'s 17-18.) The Oxford Defendants were served with yet another version of the Complaint, which substantially mirrors the two versions of the Amended Complaint, only that it names one additional defendant and corrects errors in paragraph numbering. A copy of the version of the Complaint served on the Oxford Defendants on January 21, 2020, which version was signed by the Library on December 23, 2019, is attached to the Declaration of Nichole Cargnino appended to the Oxford Defendants' initial Motion to Dismiss. (Doc. 28.) It is this version of the Complaint that is cited in this Motion. The causes of action, and pertinent factual allegations appear to be the same as those contained in prior versions of the Complaint, although paragraph numbering is different.

(the "Library").[3]

## PRELIMINARY STATEMENT

The Library's Complaint raises a dizzying array of allegations, most of which are not directed to or at any of the Oxford Defendants. It is not clear that any claim is actually asserted against the Board. Count I of the Complaint attempts to assert a claim for violation of the Full Faith and Credit Clause set forth in Article IV of the U.S. Constitution without identifying which Defendant(s) the claim is asserted against. Plaintiffs' prayer for relief implicates the Board in that it seeks to have a pending state court appeal the Library initiated transferred to this Court. With regard to the former, there are no allegations in the Complaint that the Board failed to give full faith and credit to rights afforded to the Library by a state other than Maine. With regard to the later, there is no authority under which the pending state court appeal could be transferred to this Court.

Only one cause of action – a claim for deprivation of civil rights under 42 U.S.C. § 1985 set forth in Count V – appears to be asserted against Mr. Rainey. The Complaint alleges no facts that could support a claim under 42 U.S.C. § 1985. Finally, the Complaint alleges no cause of action against Judge Crockett, who would be entitled to judicial immunity in any event. For all of these reasons, as explained in more detail below, all claims against the Board, Mr. Rainey, and Judge Crockett should be dismissed.

## FACTS

The Board is a body that hears tax abatement appeals. (Compl. ¶¶ 52-75.)[4] Mr. Rainey is

---

[3] The caption to the Complaint describes the Plaintiff as the "Rumford Free Library, et al." Although it appears that only the Rumford Free Catholic Library is a Plaintiff, this Motion seeks dismissal of claims regardless of the identity of the Plaintiff or Plaintiffs.

[4] *See* Me. Rev. Stat. tit. 36 § 844(1-A), authorizing county commissioners in any Maine county to establish a board of assessment review to hear appeals of tax abatement matters involving municipalities that do not have their own administrative appeal boards for such matters.

the Board's Chairman. (*Id.* ¶ 74.) Judge Crockett sits as the Judge of the Oxford County Probate Court. (*Id.* ¶ 106.)

The Complaint's allegations against the Board are premised on actions taken at two Board hearings. (*Id.* ¶¶ 59, 63-66, 73, 82.) Those hearings culminated in a decision to deny the Library's request that property it owns in Rumford, Maine, be granted tax exempt status. (*Id.* at 73.) Allegations against Mr. Rainey relate solely to his authorship of a letter in his capacity as Board Chair. (*Id.* ¶¶ 74, 82-83.) Although no cause of action is asserted against him, the Complaint does allege that Judge Crockett defamed an unnamed officer of the Library while performing judicial duties. (*Id.* ¶¶ 106-109.) The Complaint acknowledges that the Board's denial of a tax exemption was the subject of an appeal the Library filed in the Maine Superior Court ("Rule 80B Appeal"). (*Id. ad damnum* clause, ¶ A; *see* Doc. 28-4 at ¶ 2, pp. 267-270; Doc. 49-1.)[5]

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must assert "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere recitation of the elements of a cause of action or unsupported allegations of an implausible factual theory will not survive; nor is it sufficient that a complaint allege facts that are merely consistent with entitlement to relief. *Id.* at 555-56. As explained in more detail below, the Complaint fails to assert any facts that could state a claim that is plausible on its face, and should be dismissed with respect to the Board, Mr. Rainey, and Judge Crockett.

## ARGUMENT

**I.  The Complaint Should Be Dismissed for Failure to State Claims Upon Which Relief May Be Granted with Respect to The Oxford Defendants**

---

[5] Doc.'s 28-4 and 49-1 are records from the Rule 80B Appeal filed by the Library in the Maine Superior Court. The Court may consider these public records in reviewing a motion to dismiss for failure to state a claim. *E.g., Freeman v. Town of Hudson,* 714 F.3d 29, 36 (1st Cir. 2013).

### A. The Complaint Fails To State Any Claims Against The Board.

The only claim in the Complaint that might be said to be asserted against the Board is the claim set forth in Count I, which seeks to allege a violation of the Full Faith and Credit Clause. Because Count I does not identify any Defendant that allegedly committed such a violation, it might be interpreted to apply to any government entity. Regardless of the intended target of Count I, that count fails to assert any actionable claim.

The Complaint also seeks relief in the form of a request to transfer the Library's now dismissed Rule 80B Appeal to this Court. Strictly speaking, this request does not state any cause of action. In any event, there is no basis for granting the requested relief.

### (i) Count I Fails to State A Claim Under The Full Faith And Credit Clause Of Article IV Of The U.S. Constitution.

The purpose of the Full Faith and Credit Clause is to preserve "rights acquired . . . under the public acts and judicial proceedings of one state by requiring recognition of their validity in other states." *Pacific Employers Ins. Co. v. Industrial Accident Comm'n*, 306 U.S. 493, 501 (1939). It does not compel "a state to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate." *Id.*

The property that is the subject of this action is located in Rumford, Maine. Plaintiffs' claim appears to be that the Town of Rumford was obligated to recognize a tax exemption granted by the Town of New Sharon, Massachusetts for property located in New Sharon. (Compl. ¶¶ 30-32 and Count I.) In other words, the Library's claim is that, under Article IV, one state, or its subdivisions, when taxing (or opting to not tax) property located in that state must apply the tax laws or rules that another state applied to property in that other state. Such a proposition is utterly without legal support and defies all logic.

Assuming Article IV could apply to acts of political subdivisions of states,[6] how property in Rumford, Maine is taxed – or whether it is exempt from taxation – is not a question that could ever be addressed by the Town of New Sharon or the Commonwealth of Massachusetts. Just as Massachusetts and its subdivisions are competent to determine how property located in the Commonwealth are taxed, Maine and its subdivisions are competent to determine how – or whether – property in that State are taxed. *Pacific Employers Ins. Co.*, 306 U.S. at 501. There is no right, nor could there be any right, that Plaintiffs acquired from Massachusetts with regard to property in Maine that must be recognized by the Board.

**(ii)    There Is No Authority for Transferring the Pending Rule 80B Appeal to This Court.**

The Library is seeking to have the pending Rule 80B Appeal it filed in Maine state court transferred to this Court. (Compl. *ad damnum* clause, ¶ A.) Of course, there is no basis for such a request, and there is no authority for the proposition that the Court could Order such a transfer. *See Ballard's Serv. Ctr., Inc. v. Transue,* 865 F.2d 447, 449 (1st Cir. 1989) (28 U.S.C. § 1446 authorizes removal only be defendants on the basis of claims brought against them). Furthermore, it appears that the Maine Superior Court has dismissed the Appeal. (Doc. 49-1.) The Library had appeal rights in the Maine court system. M.R. App. P. 2A. It cannot challenge the decision of the Maine Superior Court in this Court. *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico,* 410 F.3d 17, 20-21, 27-28 (1st Cir. 2005).

**B.    Count V Fails to State A Claim Upon Which Relief May Be Granted With Respect To Mr. Rainey.**

In Count V, Plaintiffs attempt to assert a claim against Mr. Rainey for depriving them of their civil rights in violation of 42 U.S.C. § 1985 ("Section 1985"), and suggest that such

---

[6]    *See Casares-Moreno v. United States,* 226 F.2d 873, 874 (9th Cir. 1955) (Article IV applies only to states).

5

deprivation was a denial of due process.

Section 1985 prohibits three categories of acts, none of which are or could be alleged in the Complaint. First, the statute prohibits one or more people from (i) conspiring to prevent or hinder another person from accepting or holding any office, trust, or place of confidence under the United States, or (ii) engaging in activity to interfere with another person's discharge of the duties of such office. 42 U.S.C. § 1985(1). Second, it prohibits the intimidation of any party, witness, or juror in a legal proceeding. *Id.* § 1985(2). Third, it prohibits (i) the use of disguise on the highway or premises of others to deprive others of equal protection, and (ii) preventing others from voting or exercising support for candidates for federal office. *Id.* § 1985(3). Because the Complaint does not allege any facts that could give rise to a claim violation of any of these statutory prohibitions, it fails to state a claim under Section 1985.

Count V would still fail if it were interpreted to allege a denial of due process or equal protection independent of Section 1985. A substantive due process claim must allege government conduct that "was in itself impermissible." *Amsden v. Moran,* 904 F.2d 748, 753 (1st Cir.1990). "Even bad-faith violations of state law are not necessarily tantamount to unconstitutional deprivations of due process." *Id.* at 757. "Before a constitutional infringement occurs, state action must in and of itself be egregiously unacceptable, outrageous, or conscience-shocking." *Id.* at 754.

A procedural due process claim "requires three distinct allegations," namely (i) the existence of an interest that falls within the definition of either "property" or "liberty"; (ii) deprivation of that interest by a person acting under color of state law; and (iii) an absence constitutionally adequate process. *Temple v. Inhabitants of City of Belfast,* 30 F. Supp. 2d 60, 65 (D. Me. 1998). There can be no procedural due process claim where post-deprivation remedies are available to the Plaintiff. *Licari v. Ferruzzi,* 22 F.3d 344, 347 (1st Cir. 1994).

The Equal Protection clause "prohibits a state from treating similarly situated persons

differently because of their classification in a particular group." *Mulero-Carrillo v. Roman-Hernandez,* 790 F.3d 99, 105-06 (1st Cir. 2015). To state a claim for violation of the Equal Protection clause, a plaintiff must, "[a]t a minimum . . . identify his putative comparators and put forth some facts showing the existence of malice or other impermissible consideration." *Harron v. Town of Franklin,* 660 F.3d 531, 537 (1st Cir. 2011) (internal citation omitted).

The gravamen of the allegations against Mr. Rainey is that he drafted a letter that "did not engender confidence that any Board member had even looked at" material submitted by the Library. (Compl. ¶ 73.) Plaintiffs allege that this letter, no details of which are set forth in the Complaint, was evidence of "malicious and false defamation" and "prejudice." (*Id.* ¶ 82.) Assuming, *arguendo,* that defamation or prejudice could support a substantive due process claim, the Library offers nothing but conclusory assertions that it was defamed or that it was subject to prejudice. The Complaint includes no allegations that plausibly would support a conclusion that the letter in question was in fact defamatory or prejudicial.[7] *See Twombly*, 550 U.S. at 570.

Presumably, the substantive prejudice of which the Library complains consists of the allegedly improper denial of tax-exempt status for the Library's property in Rumford, Maine. As the Complaint acknowledges, the Library appealed that denial to the Maine Superior Court. (Compl. *ad damnum* clause, ¶ A; *see* Doc. 28-4, p. 267-270.) The Library had the opportunity to raise a substantive due process argument with the Maine Superior Court. *See* M.R. Civ. P. 80B. The dismissal of the Rule 80B appeal disposes of any due process argument that was or should have been raised in that court. That dismissal is or was subject to appeal in the Maine Courts, but is not subject to review in this Court. *See Federacion de Maestros de Puerto Rico,* 410 F.3d at 20-21, 27-28. Moreover, the Complaint alleges only that the Board denied a request for tax-exempt

---

[7] *See* discussion in Section I(C) regarding the elements of a defamation claim. The Complaint includes no allegations that could support such a claim.

status. Such conduct could not be deemed to have been "in itself impermissible," or "egregiously unacceptable, outrageous, or conscience-shocking." *Amsden,* 904 F.2d at 753-54.

The availability of appeal under Maine law is also fatal to any procedural due process claim. The right to appeal the Board's decision to the Maine Superior Court was afforded to the Library by virtue of Maine statute and the Maine Rules of Civil Procedure. Me. Rev. Stat. tit. 36 § 844(1); M.R. Civ. P. 80B. Given that this procedure was available to the Library, and particularly in light of the fact that the Library availed itself of that procedure, there is no basis upon which it could said that the Complaint states a procedural due process claim.

Finally, the Complaint cannot be said to state an equal protection claim because it does not allege that Plaintiffs have been treated differently than similarly situated persons; nor does the Complaint identify any putative comparators to make out a threshold case. *Harron,* 660 F.3d at 537. For all of these reasons, the Complaint does not allege any facts sufficient to state a claim against Mr. Rainey for denial of due process or equal protection that is plausible on its face. *Twombly*, 550 U.S. at 570. Accordingly, Count V should be dismissed.

### C. The Complaint States No Claim Upon Which Relief May be Granted with Respect to Judge Crockett.

The five Counts raised in the Complaint are specific to the actions of the Town, and other named Defendants. The Complaint's allegations against Judge Crockett hint at charges of defamation, but there is no count alleging any cause of action against him. (*See*, Compl. ¶¶ 106-109 and Counts I-V.)

Judge Crockett's limited involvement in this suit is described in Paragraphs 106 through 109 of the Complaint. (Compl. ¶¶ 106-109.) Paragraphs 106-109 relate to Judge Crockett's adjudication of a name change request. (*Id.*) The request for a name change was submitted to the Probate Court by an unnamed officer of the Library. (*Id.*)

8

Paragraph 106 alleges only that Defendant Judge Crockett was told defamatory information regarding the Library. (Compl. ¶ 106.) Paragraph 107 is merely a statement describing the physical location of the Probate Court relative to other Oxford County Offices. (Compl. ¶ 107.) Paragraph 108 alleges that Judge Crockett "employed defamatory information to humiliate and obstruct a [Library] officer who simply wanted to officially change her name." (Compl. ¶ 108.) Finally, Paragraph 109 alleges that "the Jury will […] reasonably associat[e…] Judge Crockett with promoting the defamatory information and character assassination of the [Library] to the [Board.]" (Compl. ¶ 109.)

To the extent the Library even has standing to assert a claim for defamation of one of its unnamed alleged officers, the foregoing allegations assert only that a jury will find Judge Crockett was *associated* with defamatory statements.

To establish a prima facie case of defamation under Maine law, a plaintiff must prove:

> *(a) A false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) actionability irrespective of special harm or the existence of special harm caused by the publication. Cole v. Chandler,* 752 A.2d 1189, 1193 (Me. 2000).[8]

The Complaint is devoid of any allegations as to what was said by Judge Crockett that was allegedly defamatory. Moreover, it fails to allege that any such defamatory statements were false. The Complaint also fails to allege any facts sufficient to establish that Judge Crockett's allegedly defamatory statements were made negligently, maliciously, or otherwise. The above referenced Paragraphs of the Plaintiffs' Complaint amount to nothing more than conclusory allegations about the conduct of Judge Crockett in the performance of his judicial duties. They do not outline facts that could establish the elements of any recognizable cause of action and the claims against Judge

---

[8]   The elements of a defamation claim are similar under Rhode Island law, where this action was initiated. *Marcil v. Kells*, 936 A.2d 208, 212 (RI 2007).

Crockett, if any, should be dismissed.

The Complaint should also be dismissed as to Judge Crockett because he is immune from the claims made by the Plaintiffs by virtue of the doctrine of judicial immunity. Judge Crockett's alleged actions, even if true, arose entirely in the context of a requested name change as described in Paragraph 108 of the Complaint. It is a long-established principle that judges are not "liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). In *Stump*, an Indiana State Court judge was sued pursuant to 42 U.S.C. § 1983 for ordering the sterilization of a 15-year-old girl who suffered with a cognitive disability. *Id*. at 352-355. The Court wrote that the "necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him. […] The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Id*. at 356. The Court wrote that the "factors determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id*. at 362. All of the allegations against Judge Crocket are based entirely on an application for a name change that fell squarely on his judicial desk.

In *Stump*, the Court wrote, "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, but rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id*. at 356. This case should be dismissed as to Judge Crockett based on the doctrine of judicial immunity because any and all action that Judge Crockett allegedly took relative to the Plaintiffs' Complaint was in his capacity as the duly elected Probate Judge of Oxford County. 18-C M.R.S.A. § 1-701(1). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is

flawed by the commission of grave procedural errors." *Id*. at 359.

Finally, even if the facts alleged in the Complaint regarding Judge Crockett were true, the alleged officer of the Library who petitioned Judge Crockett's Court for a name change is not a party to this Complaint.  Thus, to the extent the allegation in Paragraph 108 attempts to assert defamation of the unnamed Library officer, or obstruction of that person's name change petition, such an allegation would bear no relationship to any claims made by the Library.  No officer of the Library is a named Plaintiff in this matter, and any allegedly defamatory statements made about a Library officer in the context of a name change proceeding are not actionable by the Library.

## **CONCLUSION**

For the reasons set forth above, Defendants Oxford County Board of Assessment Review, Wade Rainey, and the Hon. Jarrod Crockett respectfully request that this Honorable Court Dismiss the Complaint as to them; make an award to Defendants for costs and expenses; and grant such further relief as the Court deems just and appropriate.

Respectfully submitted this 5th day of March 2020.

/s/ Theodore Small
Theodore A. Small, Bar No. 9364

/s/ James F. Pross
James F. Pross, Esq., Bar No. 9641

Attorneys for the Oxford County Board of Assessment Review, Wade Rainey, and Jarrod Crockett

SKELTON, TAINTOR & ABBOTT
95 Main Street
Auburn, ME 04210
207-784-3200
jpross@sta-law.com
tsmall@sta-law.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on this 5th day of March 2020.

/s/ Theodore Small  
Theodore A. Small, Bar No. 9364

/s/ James F. Pross  
James F. Pross, Esq., Bar No. 9641