UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THE RUMFORD FREE CATHOLIC LIBRARY, et al.,  ) ) ) | |
| Plaintiffs,  ) ) | |
| v.  ) ) | 2:20-cv-00066-JDL |
| TOWN OF RUMFORD, et al.,  ) ) ) | |
| Defendants.  ) | |

**ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER**

The Rumford Free Catholic Library, along with its president, Father Philip M. Stark, and one of its founders, Peter Francis Tinkham (collectively, "Plaintiffs"), seek a temporary restraining order enjoining the Town of Rumford and tax collector Thomas Bourret from foreclosing on the Library's property at 347 Pine Street, Rumford, Maine (ECF No. 20).[1]  For the reasons that follow, I deny the motion.

**I.  FACTUAL BACKGROUND**

The Plaintiffs assert that, on September 29, 2019, they received a notice from Bourret, acting in his capacity as tax collector for the Town, indicating that the

---

[1] This action was originally brought in the District Court for the District of Rhode Island.  At the outset of the litigation, the Plaintiffs moved for an identical temporary restraining order against the Town of Rumford and Thomas Bourret.  District Judge Mary S. McElroy denied the motion in an order dated November 4, 2019.  The Plaintiffs subsequently filed a motion for reconsideration of that order (ECF No. 14), as well as two additional motions for a temporary restraining order (ECF Nos. 11, 20).  With these motions pending, the case was transferred from the District of Rhode Island to the District of Maine pursuant to Judge McElroy's order dated February 25, 2020.  Because the Plaintiffs' third motion for a temporary restraining order (ECF No. 20) contains factual allegations not included in its first two motions, I consider the motion anew.  Accordingly, the Plaintiffs' second motion for a temporary restraining order (ECF No. 11) and their motion for reconsideration of the order denying their first motion (ECF No. 14) are moot and are therefore denied.

subject property would be sold within 30 days due to the Library's failure to pay property taxes.[2] The Plaintiffs contend that the Library did not owe taxes on the property because it was entitled to a property tax exemption based on its status as a 501(c)(3) non-profit organization.

The allegations in the Plaintiffs' First Amended Complaint reflect a longstanding and complicated dispute between the Library and the Town over the tax-exempt status of the property. Specifically, the Plaintiffs' First Amended Complaint alleges the following facts. The Library applied for a property tax exemption from the Town in June 2014 and again in February 2015. The Library did not receive a notice of denial of either application. In September 2015, the Library received a notice of non-payment for two years of property taxes from Bourret. The Library paid the tax bill in October 2015 and then successfully sued the Town in the Maine Superior Court over its tax-exempt status. Afterward, the Town purportedly refused to reimburse the Library or to grant a tax abatement on the grounds that the Library had not made any use of the property—religious, charitable, or otherwise—since taking ownership of the property in 2014, and on the grounds that the property was derelict and unsuitable for any use.

The Library appealed the denial of the requested tax abatement to the Oxford County Board of Assessment Review, which initially granted the abatement. However, the Town appealed to the Maine Superior Court, and the matter was

---

[2] Although the Town and Bourret filed a response in opposition to the Plaintiffs' motion, the response did not contain any factual allegations. Thus, I summarize the Plaintiffs' allegations as contained in the amended complaint and the motions for a temporary restraining order.

remanded to the Board of Assessment Review for a determination of whether the property was in use in 2014 and 2015. On remand, the Board denied the Library's request for a tax abatement on the grounds that the Library was not entitled to a tax exemption. The amended complaint alleges that the Board justified its decision at the hearing by finding that the Library had never applied for a tax exemption. According to the amended complaint, the Board articulated a different rationale in its written decision, explaining that the Library was not entitled to a tax exemption because the property had not been in use during the specified period and was derelict.

The amended complaint alleges that, contrary to the findings of the Board of Assessment Review, the Library has applied for a tax exemption on three separate occasions and has consistently made substantial use of and improvements to the property since 2014. The Plaintiffs challenge the Board's determination for several reasons. First, they assert that several Town employees perjured themselves before the Superior Court and the Board of Assessment Review by testifying that the Library had neither applied for a tax exemption nor used the property for any charitable or other purpose. They further assert that the Library's counsel was negligent and that the Board erroneously granted the Town's request to continue the hearing on the requested tax abatement, both of which deprived the Library of the opportunity to present certain evidence to the Board.

In addition to challenging the sufficiency of the evidence before the Board, the Plaintiffs contend that the Town employees' testimony, the Board's decision to continue the hearing, and the Board's ultimate determination that the property was derelict were motivated by "prejudice[]" and "bias[]" against the Library. ECF No. 9

¶¶ 74, 82. They assert that these incidents were only the latest in a longstanding pattern of unjust treatment of the Library. In support of this contention, the amended complaint alleges that the Town has previously enforced land use ordinances against the Library in an arbitrary manner and conspired to prevent the Library from purchasing additional property in Rumford in furtherance of its religious mission. The amended complaint further alleges that Town employees and others have repeatedly made "slanderous" and "defamatory" statements about the Plaintiffs over the course of several years, both in connection with these previous alleged incidents of unfair treatment and in unrelated legal proceedings involving officers of the Library. Based on all these allegations, the Plaintiffs maintain that, contrary to the Board's determination, the Library is entitled to a tax exemption and does not owe any taxes on the property.

The allegations in the amended complaint suggest that, in addition to bringing this action, the Library has appealed the Board's decision to the Maine Superior Court. Nevertheless, the Plaintiffs assert that they made a payment to the Town in the amount necessary to avoid foreclosure, as directed by the notice they received in September 2019, in an effort to maintain the Library's title to the property pending the resolution of this action. They contend that the Town did not consider their payment sufficient and that the Library therefore remains at risk of foreclosure. Accordingly, the Plaintiffs seek a temporary restraining order enjoining the Town and Bourret from foreclosing on the property.

## II. DISCUSSION

The Town and Bourret argue that the Court lacks jurisdiction to grant the temporary restraining order based on the Tax Injunction Act of 1937, which provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C.A. § 1341 (West 2020). The Act generally "deprives federal district courts of jurisdiction to enjoin the collection of state taxes." *Wal-Mart P.R., Inc. v. Zaragoza-Gomez*, 834 F.3d 110, 118 (1st Cir. 2016) (citing *Pleasures of San Patricio, Inc. v. Méndez–Torres*, 596 F.3d 1, 5 (1st Cir. 2010), and *Hibbs v. Winn*, 542 U.S. 88, 109 n.11 (2004)). However, the Act "contains an express exception under which federal district courts can assume jurisdiction where state courts do not provide a 'plain, speedy and efficient remedy.'" *Id.* (quoting 28 U.S.C.A. § 1341).

The jurisdictional bar created by the Tax Injunction Act applies to and is dispositive of the Plaintiffs' motion for a temporary restraining order. The property taxes imposed on the Library by the Town are state taxes within the meaning of the Act: "Real estate taxes, although generally administered at the local level by municipal officers, are state taxes imposed to raise revenue." *Belisle v. Rotondi*, No. 1:16-cv-00451-JAW, 2016 WL 4919882, at *2 (D. Me. Sept. 14, 2016) (citing 36 M.R.S.A. §§ 201, 251, 551); *see also Hibbs*, 542 U.S. at 100 n.1. And the tax foreclosure that the Plaintiffs seek to enjoin is a method of "levying" or "collecting" taxes under the Act. *See Guertin v. City of Eastport*, 143 F. Supp. 2d 67, 69−74 (D. Me. 2001) (applying the Tax Injunction Act and the comity doctrine to dismiss an action arising

5

out of a tax foreclosure proceeding); *Noone v. Town of Palmer*, 2 F. Supp. 3d 1, 2–3 (D. Mass. 2014) (same); *see also Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 9–10 (2015) (considering the seizure of recalcitrant taxpayers' property when providing definitions of "levy" and "collection").

Because the Plaintiffs' motion falls within the Tax Injunction Act's prohibition, this Court lacks jurisdiction to consider the motion unless the Plaintiffs establish that Maine's state courts "do not provide a 'plain, speedy and efficient remedy.'" *Wal-Mart P.R.*, 834 F.3d at 118 (quoting 28 U.S.C. § 1341); *see also id.* at 116 (noting that the party invoking federal jurisdiction has the burden of proving that federal jurisdiction exists). A plain, speedy, and efficient remedy exists in state court so long as the taxpayer has access to a "'full hearing and judicial determination at which [it] may raise all constitutional objections to the tax' and may therefrom seek review before the Supreme Court." *Pleasures of San Patricio*, 596 F.3d at 7 (internal quotation marks omitted) (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 515 n.19 (1981)).

The Plaintiffs have not shown that the Library has been deprived of adequate state-court remedies. It has previously been determined in this District that the administrative and judicial remedies available to Maine taxpayers are "plain, speedy and efficient." *Belisle*, 2016 WL 4919882, at *2; *see also Guertin,* 143 F. Supp. 2d at 70–73, 71 n.4. Most relevant here, 36 M.R.S.A. § 844-M(6) (West 2020) provides that a taxpayer may appeal the decision of a county board of assessment review to the Maine Superior Court in accordance with Maine Rule of Civil Procedure 80B. Rule 80B provides for a hearing before the Maine Superior Court and appellate review by

6

the Maine Law Court. These provisions indicate that the Library has access to a full hearing and judicial determination of its objections to the property taxes at issue. Indeed, according to the allegations in the Plaintiffs' filings, the Library has already partially availed itself of these remedies and continues to litigate its tax-exempt status in state court. Thus, absent any allegation that Maine's state courts have refused to hear the Library's constitutional arguments, I conclude that a plain, speedy and efficient remedy is available to the Library in Maine's state courts.

The Plaintiffs suggest that the available remedies under Maine law are not speedy or efficient, alleging that the dispute over the Library's tax-exempt status has been "deliberately drawn-out" over five years. ECF No. 11 at 3. But such delays are not uncommon: "In normal course, one would not be surprised that it might take several years to litigate a [tax] refund claim and collect the judgment." *Wal-Mart P.R.*, 834 F.3d at 123. Accordingly, "a mere delay in recovery" does not render a state-court remedy inadequate under the Tax Injunction Act. *Id.* Indeed, the Supreme Court has held that a two-year delay does not render a state-court remedy inadequate, s*ee Rosewell*, 450 U.S. at 520–21, and the First Circuit has reached the same conclusion in the context of a four-year delay, *see Parker v. Agosto-Alicea*, 878 F.2d 557, 559–60 (1st Cir. 1989). More recently, the First Circuit suggested that even a seven-year delay in state proceedings might not overcome the Tax Injunction Act's jurisdictional bar. *Wal-Mart P.R.*, 834 F.3d at 123. Thus, the Plaintiffs' allegation that the Library has been litigating its objections to the taxes at issue for five years does not alter my conclusion that Maine's state courts provide a plain, speedy and efficient remedy to the Library.

The Plaintiffs also implicitly challenge the adequacy of the remedy available in Maine's state courts by alleging that they have experienced unfair treatment in certain administrative and judicial proceedings both related and unrelated to the property at issue. But this alleged unfair treatment does not deprive the Library of an adequate state-court remedy for purposes of the Tax Injunction Act. "[T]he Supreme Court has specifically held that the words 'plain, speedy and efficient remedy' are to be given a purely procedural interpretation." *Carrier Corp. v. Perez*, 677 F.2d 162, 165 (1st Cir. 1982) (quoting 28 U.S.C. § 1341). Thus, unless the Plaintiffs establish that the alleged unfair treatment deprives the Library of the "minimal" procedural guarantee of access to a hearing and judicial determination of its constitutional arguments, *id.*, the Tax Injunction Act bars this Court from granting the relief they seek. If the Plaintiffs believe the Library has been treated unfairly in proceedings before local administrative bodies or the Maine Superior Court, they may seek appellate review by the Maine Law Court under Rule 80B, as noted above. The Law Court "is capable of giving a full, impartial, speedy, and efficient hearing" to the issues in this case. *Butler v. State of Me. Supreme Judicial Court*, 767 F. Supp. 17, 20 (D. Me. 1991) (citations omitted). Should the Plaintiffs conclude that the Law Court failed to do so, they "may seek a final review by the United States Supreme Court." *Id.* (citing *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 116 (1981)).

Finally, the Plaintiffs suggest that the Library lacks a plain, speedy, and efficient remedy in Maine's state courts because the Library did not receive adequate notice of the its tax liability or of the foreclosure action. Some courts in this circuit

8

have concluded that the Tax Injunction Act does not prevent a district court from exercising jurisdiction over challenges to state tax collection measures where the taxpayers object only to the adequacy of the notice they received. *See Kim v. Jordan Realty*, C.A. No. 19-83WES, 2020 WL 1482637, at *13 (D.R.I. Mar. 27, 2020); *Burns v. Conley*, 526 F. Supp. 2d 235, 240–41 (D.R.I. 2007). The courts in those cases reasoned that the Tax Injunction Act's jurisdictional bar did not apply because the taxpayers were not challenging the validity of the taxes assessed and therefore did not seek to "avoid paying state taxes" or "frustrate the collection of state tax revenue." *Burns*, 526 F. Supp. 2d at 240−41; *see also Kim*, 2020 WL 1482637, at *13. Here, by contrast, the majority of the Plaintiffs' allegations relate to their claims that the taxes at issue were unlawfully imposed. Thus, their motion for a temporary restraining order, viewed as a whole, falls within the intended scope of the jurisdictional bar contained in the Tax Injunction Act.

Even if this Court could exercise jurisdiction over the present motion based on the Plaintiffs' claims of inadequate notice—an issue which I do not decide—the Plaintiffs' motion must still be denied because they have not substantiated these claims. The Plaintiffs allege that the Library never received a bill for the taxes assessed on the property. They further assert that the notice of foreclosure the Library received was untimely and contained an inaccurate cure amount. However, the Plaintiffs have not provided any affidavits, documents, or other evidence supporting these allegations. Thus, the Plaintiffs have not established that this case falls within an exception to the jurisdictional bar contained in the Tax Injunction Act.

9

As the party invoking federal jurisdiction, the Plaintiffs bear the burden of proving that federal jurisdiction exists. *See Wal-Mart P.R.*, 834 F.3d at 116. They have not met that burden here. Accordingly, I conclude that the Court lacks subject-matter jurisdiction to decide the present motion.

Even if I were to conclude that the Tax Injunction Act does not bar the exercise of jurisdiction over the Plaintiffs' motion, I would still decline to consider the motion for a temporary restraining order under the doctrine of comity. Comity "serves to ensure that 'the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.'" *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 431 (2010) (quoting *Younger v. Harris*, 401 U.S. 37, 44 (1971)). In state taxation cases such as this one, comity "restrains federal courts from entertaining claims for relief that risk disrupting state tax administration," even if the claims are not subject to the Tax Injunction Act's jurisdictional bar. *Am. Trucking Ass'ns, Inc. v. Alviti*, 944 F.3d 45, 57 (1st Cir. 2019) (quoting *Levin*, 560 U.S. at 417).

As discussed above, the Plaintiffs primarily challenge the validity of the taxes imposed, and the Library is engaged in ongoing legal proceedings at the state and local levels regarding the same dispute. Federal court involvement in the Plaintiffs' claims for injunctive relief at this stage would "unduly interfere" with Maine's state tax system. *Levin*, 560 U.S. at 431 (quoting *Younger*, 401 U.S. at 44). Thus, even if I were to conclude that this Court has jurisdiction over the present motion after applying the Tax Injunction Act, comity restrains me from exercising it.

## III.  CONCLUSION

For the reasons explained above, the Plaintiffs' third motion for a temporary restraining order (ECF No. 20) is **DENIED**.  The Plaintiffs' second motion for a temporary restraining order (ECF No. 11) and their motion for reconsideration of the order denying their first motion for a temporary restraining order (ECF No. 14) are **DENIED** as moot.

**SO ORDERED.**

**Dated:  June 12, 2020**

                                                    /s/ JON D. LEVY
                                        **CHIEF U.S. DISTRICT JUDGE**