# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **FATHER PHILIP M. STARK, S.J., et al.,** | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 2:20-cv-00066-JDL ) |
| **TOWN OF RUMFORD, et al.,** | ) ) |
| Defendants. | ) |

## ORDER ON MOTIONS TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

Father Philip M. Stark, the president of the Rumford Free Catholic Library, and Peter Francis Tinkham, one of the Library's founders (collectively, "Plaintiffs"), bring this action, asserting that seventeen Defendants violated state and federal law during the course of their dealings with the Library over the past several years.[1] The Plaintiffs initiated this action in the District of Rhode Island. It was subsequently transferred to this Court by an order of United States District Judge Mary S. McElroy dated February 25, 2020.

When the case was transferred, a number of motions were pending, and the parties have filed several additional motions since. In two orders dated June 12, 2020, and July 13, 2020, I disposed of ten pending motions. Fifteen motions remain outstanding. In this Order, I consider eight motions that raise the question of

---

[1] The Library was originally a plaintiff in this action as well, but it was terminated as a party on August 6, 2020, due to its failure to retain counsel. As I have previously explained, entities such as the Library are not permitted to represent themselves in federal court.

1

whether the Plaintiffs have properly effectuated service of process upon four Defendants: Attorneys John Conway and Theodore Dilworth III; Hebert Realty Company,[2] a Maine limited liability company; and Louise Nash, a realtor and employee of Hebert Realty.[3] For the reasons that follow, I conclude that the Plaintiffs properly served Hebert Realty but that service has not been made on Nash, Attorney Conway, or Attorney Dilworth, and that the Plaintiffs have not demonstrated good cause for that failure. Accordingly, the case is dismissed without prejudice as to those three Defendants.

## I. BACKGROUND

The Plaintiffs initiated this action on October 22, 2019. Summonses were issued as to all Defendants on November 15, 2019. On January 21, 2020, Aubain de Sabrevois, the Library's former clerk,[4] drove to Maine to serve the Defendants. The following account of de Sabrevois's efforts is derived primarily from her affidavit (ECF No. 24-1), which I accept as true for purposes of deciding these motions and which, in

---

[2] The affidavits of Nash and of another broker at Hebert Realty refer to the entity as "Hebert Realty Group." ECF Nos. 31-3 at 2, 31-4 at 2. I will refer to Hebert Realty using the name in the docket.

[3] Those motions include: the Plaintiffs' First Motion for Preliminary Injunction Against Defendants Hebert Realty and Louise Nash (ECF No. 5); the Plaintiffs' Motion to Consider Prior Filings (ECF No. 16); the Plaintiffs' Motion for Service of Process (ECF No. 24); and motions to dismiss for insufficient service of process filed by Hebert Realty and Nash (ECF Nos. 31, 81), Attorney Conway (ECF No. 33), and Attorney Dilworth (ECF Nos. 35, 75).

In a companion order also issued today, I address other motions implicating the adequacy of service of process as to other Defendants who have not yet appeared: Brian Gagnon and Attorneys Alan Perry and Laura Perry (ECF No. 105).

[4] The precise nature of de Sabrevois's role at the Library is not clear from the record. In de Sabrevois's affidavit, she describes herself simply as the Library's "clerk," ECF No. 24-1 at 1, and asserts that she resigned from that position on January 13, 2020, ECF No. 24-8. Conway and Hebert Realty suggest, in turn, that de Sabrevois is "an officer or agent" of the Library, ECF No. 34 at 10, or its "agent or employee," ECF No. 31-1 at 14.

any event, the Defendants do not materially dispute. *See Hannon v. Beard*, 524 F.3d 275, 279 (1st Cir. 2008).

De Sabrevois went to Conway's office, hoping to serve him there. After being informed that Conway was not in, de Sabrevois gave the summons and complaint to Conway's secretary. De Sabrevois then ventured to the offices of Hebert Realty, where a woman identifying herself as the office manager told de Sabrevois that neither Nash nor the owner were there. De Sabrevois left copies of the complaint, and summonses for Nash and Hebert Realty, with the office manager.

Later, de Sabrevois went to Attorney Dilworth's offices. According to de Sabrevois, she initially found the suite empty, but a man eventually emerged from the end of a hallway and approached her, telling her to leave. Startled, de Sabrevois dropped three summonses—including one for Attorney Dilworth—and three copies of the complaint at the man's feet, and left.

## II. DISCUSSION

### A. Service of Process

Rule 4 of the Federal Rules of Civil Procedure governs service of process. *See Vázquez-Robles v. CommoLoCo, Inc.*, 757 F.3d 1, 4 (1st Cir. 2014). If a plaintiff fails to properly serve a defendant in accordance with Rule 4, the court lacks personal jurisdiction over that defendant unless she has waived service or otherwise consented to personal jurisdiction. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *accord Vázquez-Robles*, 757 F.3d at 2, 4. Thus, if a defendant is not properly served within ninety days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be

made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

The method of service required by Rule 4 varies according to the type of defendant being served. Because the pending motions implicate the sufficiency of service for three individuals and one corporate defendant, I address them in turn.

1. **Individual Defendants**

Rule 4(e)(2) sets forth three methods of serving an individual: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."[5] Simply being employed by a person does not confer authority to receive service of process for the person, and for this reason, service upon a person's secretary or employee is not effective unless the secretary or employee has been specifically authorized to accept service on the person's behalf. *See, e.g.*, *Figueras v. Autoridad de Energia Electrica*, 553 F. Supp. 2d 43, 44 (D.P.R. 2007); *West v. Paige*, 835 F. Supp. 20, 22 (D. Me. 1993); 4A Wright & Miller, *Federal Practice and Procedure*, § 1097 (4th ed. 2020).

None of the three individual Defendants were personally served in accordance with Rule 4(e)(2)(A), nor did de Sabrevois attempt to serve any of them at his or her

---

[5] Service may also be accomplished by "following state law for serving a summons . . . in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). However, Maine's rule for serving an individual defendant, Me. R. Civ. P. 4(d)(1), does not provide any additional or different methods of service than the federal rule.

4

"dwelling or usual place of abode" under Rule 4(e)(2)(B). Turning to Rule 4(e)(2)(C), there is no indication that the office manager at Hebert Realty was authorized to accept service on Nash's behalf. Similarly, leaving copies of the summons and complaint at the feet of an unidentified person at Attorney Dilworth's office did not comply with Rule 4(e)(2)(C).

As to Conway, de Sabrevois's affidavit states that, when she handed the documents to Conway's secretary, the secretary asked another person in the office—whom de Sabrevois identifies only as a "Mr. O'Brien"—if she could "accept legal documents" and was told that she could. ECF No. 24-1 at 2. However, de Sabrevois does not clarify who Mr. O'Brien was and does not explain what authority or basis of knowledge he may have had regarding the secretary's authority to accept service on behalf of Conway. Furthermore, there is no room to infer such authority from the phrase "accept legal documents"—even in other contexts, this statement would not necessarily indicate an authorization to accept service of process, but in a law office it certainly does not. Therefore, the Plaintiffs have not established that they properly served Attorney Conway.

Because none of these Defendants have been properly served, this Court lacks personal jurisdiction over them.

### 2. Hebert Realty Company

Service upon Hebert Realty, a limited liability company organized under Maine law, is governed by Rule 4(h)(1), which provides two options for serving an incorporated entity. First, Rule 4(h)(1)(B) states that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or

general agent, or any other agent authorized by appointment or by law to receive service of process." Second, service can be made pursuant to state law. *See* Fed. R. Civ. P. 4(e)(1), (h)(1)(A).

Generally, when determining whether a person is a "managing or general agent" who may accept service on behalf of a corporation under Rule 4(h)(1)(B),[6] courts will examine the facts of the particular case—"the title of a particular agent does not have critical significance." 4A Charles A. Wright et al., *Federal Practice and Procedure*, § 1103 (4th ed. updated Apr. 2020); *see Egan v. Tenet Health Care*, 193 F. Supp. 3d 73, 83-84 (D. Mass. 2016). "[S]ervice can be made upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs.*, 840 F.2d 685, 688 (9th Cir. 1988) (quotation marks omitted).

The parties have not elaborated on the scope of the office manager's responsibilities at Hebert Realty, but it is reasonable to infer from de Sabrevois's affidavit that the office manager, who took it upon herself to accept service and informed de Sabrevois that Nash was "out of the country," ECF No. 24-1 at 6, held herself out as a responsible authority. And that service proved to be sufficient to inform Hebert Realty of the complaint in this action. *See id.* Under these circumstances, and in light of Hebert Realty's failure to argue that the office manager

---

[6] There is no evidence, and the Plaintiffs have not argued, that the office manager is an "officer" of the company or that she was "authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

6

lacked such authority, I conclude that service upon the office manager complied with Rule 4(h)(1)(B).

Hebert Realty argues that because de Sabrevois was formerly the "clerk" of the Rumford Free Catholic Library, she was a party to the case and therefore barred from serving process under Rule 4(c)(2), which provides that process may be served "by any person who is . . . not a party." It is apparent from the record that de Sabrevois's interests are closely aligned with the Plaintiffs', and that her separation from the Library was a mere formality: she resigned from her position on January 13, 2020, seven days before she attempted to perform service of process, with the express goal of ensuring that she would not "be mistaken for a party to the case." ECF Nos. 24-1 at 1-2; *see* ECF No. 24-8.

However, courts that have addressed this issue have held that, for purposes of determining who may serve process, the phrase "not a party" is to be applied "in its technical sense." *Plano Mfg. Co. v. Murphy*, 92 N.W. 1072, 1073 (S.D. 1902). For instance, service by a party's attorney or attorney's employee, though perhaps not best practice, is commonly treated as proper under Rule 4(c)(2), despite the obvious conflict of interest. *See, e.g.*, *Commodity Futures Trading Comm'n v. Am. Metals Exchange Corp.*, 693 F. Supp. 168, 186 (D.N.J. 1988); *McGowen v. Second Judicial Dist. Court*, 432 P.3d 220, 224 (Nev. 2018); *see also Africa v. Anderson*, 510 F. Supp. 28, 34 (E.D. Pa. 1980) (holding that service made "by an acquaintance" of the plaintiff is authorized by Rule 4(c)). Although one court has cautioned, in dicta, that this formalism will invite mischief by a "real party in interest," *Cent. Laborers' Pension, Welfare & Annuity Funds v. Griffee*, 198 F.3d 642, 644 (7th Cir. 1999), there is no

7

indication in this case that de Sabrevois's association with the Plaintiffs—whatever its full nature—has prejudiced Hebert Realty.

Even before de Sabrevois formally resigned from the Library, she was not designated as a plaintiff and was "not a party" to this case within the meaning of Rule 4(c)(2).[7] Therefore, Hebert Realty was properly served.

## B.     Good Cause

Even though the Plaintiffs have not properly served Nash or Attorneys Conway or Dilworth, the claims against those Defendants are not subject to dismissal if the Plaintiffs have shown "good cause for the failure" under Rule 4(m).  "[T]he plaintiff bears the burden of establishing . . . good cause," *Thurlow v. York Hosp.*, 2:16-cv-179-NT, 2016 WL 4033110, at *1 (D. Me. July 27, 2016).  A finding of good cause typically requires the plaintiff to show, among other things, a reason outside his or her control that service could not be completed.  *See, e.g.*, *Benjamin v. Grosnick*, 999 F.2d 590, 592 (1st Cir. 1993) (holding that good cause existed when the plaintiffs "completed all of the steps within their power necessary to effectuate . . . service" and relied on a "deputy sheriff's sworn representations" that he had served the defendant); *Thurlow*, 2016 WL 4033110, at *1 (finding no good cause because "[t]he Plaintiff had full control over the time and manner in which the Defendant was served and simply failed to timely effect service").

---

[7] For this reason, I need not address whether the relevant time for determining de Sabrevois's status is when the complaint was filed (i.e., when de Sabrevois was still the clerk and apparent agent of the Library, which was a party at that time) or when she attempted service (i.e., after she had resigned and was no longer formally acting on behalf of the Library). *Cf. Wallace v. Microsoft Corp.*, 596 F.3d 703, 706-07 (10th Cir. 2010) (noting that service may be perfected under Rule 4 after removal from state court, even though service had not been completed before removal).

8

The Plaintiffs have known for over eight months that these Defendants disputed the adequacy of service, but failed to take any steps in response. There is no evidence to support the Plaintiffs' insinuations that any of these Defendants have evaded service or that the Plaintiffs were otherwise unable to serve them due to circumstances beyond their control. Furthermore, I am not persuaded by the Plaintiffs' unsupported arguments that requiring them to follow the rules for service of process excessively burdens their First Amendment rights. The Plaintiffs have not met their burden to establish good cause for their failure to serve Nash, Attorney Conway, or Attorney Dilworth.

Furthermore, I decline to grant the Plaintiffs a discretionary extension of time to serve these three Defendants. *See Bunn v. Gleason*, 250 F.R.D. 86, 90 (D. Mass. 2008). These Defendants have appeared and asserted their rights to dismiss the case because they have not been properly served, and the Plaintiffs have not pointed to any compelling or prejudicial consequences that they would suffer from dismissal, such as a statute of limitations problem or any other bar to refiling the case against them. *See* Fed. R. Civ. P. 4, Advisory Committee Notes to 1993 Amendments, subdivision (m).

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendants Nash and Hebert Realty's Motions to Dismiss for Insufficient Service of Process (ECF Nos. 31, 81) are **GRANTED IN PART**, as to Nash, and **DENIED IN PART**, as to Hebert Realty. Additionally, it is **ORDERED** that Defendant Conway's Motion to Dismiss for Insufficient Service of Process (ECF No. 33) and Defendant Dilworth's Motions to

Dismiss for Insufficient Service of Process (ECF Nos. 35, 75) are **GRANTED**. It is also **ORDERED** that the Plaintiffs' Motion to Certify Service of Process (ECF No. 24) is **DENIED IN PART**, as to Defendants Conway, Dilworth, and Nash, and **DENIED IN PART AS MOOT**, as to Hebert Realty.

In light of these dispositions, it is further **ORDERED** that the Plaintiffs' Motion for Preliminary Injunction (ECF No. 5) is **DENIED IN PART**, as to Nash. Additionally, it is **ORDERED** that the Plaintiffs' Motion to Consider Prior Filings (ECF No. 16) is **DENIED IN PART AS MOOT**, as to Nash, and the claims against Nash, Conway, and Dilworth are hereby **DISMISSED** without prejudice.

**SO ORDERED.**

Dated:  October 30, 2020

                                                  **/s/ JON D. LEVY**
                                    **CHIEF U.S. DISTRICT JUDGE**