UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FATHER PHILIP M. STARK, S.J., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 2:20-cv-00066-JDL ) |
| TOWN OF RUMFORD, et al., | ) ) |
| Defendants. | ) |

**ORDER REGARDING NON-RESPONSIVE DEFENDANTS**

Father Philip M. Stark, the president of the Rumford Free Catholic Library, and Peter Francis Tinkham, one of the Library's founders (collectively, "Plaintiffs"), bring this action, asserting that seventeen Defendants violated state and federal law during the course of their dealings with the Library over the past several years.[1] The Plaintiffs initiated this action in the District of Rhode Island. It was subsequently transferred to this Court by an order of United States District Judge Mary S. McElroy dated February 25, 2020.

When the case was transferred, a number of motions were pending, and the parties who have appeared have filed several additional motions since. In two orders dated June 12, 2020, and July 13, 2020, I disposed of ten pending motions. Fifteen motions remain outstanding. In this Order, I consider four motions that raise the question of whether the Plaintiffs have properly effectuated service of process upon

---

[1] The Library was originally a plaintiff in this action as well, but it was dismissed as a party on August 6, 2020, due to its failure to retain counsel. As I have previously explained, entities such as the Library are not permitted to represent themselves in federal court.

three Defendants who have not yet appeared in this case: Brian Gagnon, Director of the Rumford Water Department, and Attorneys Alan Perry and Laura A. Perry.[2] For the reasons that follow, I conclude that the Plaintiffs did not properly serve Alan Perry or Laura Perry, and that although service upon Brian Gagnon was proper, Gagnon was served with insufficient process. However, I grant the Plaintiffs sixty additional days to complete service of process upon these three Defendants and, therefore, reserve ruling on the remaining motions.

## I. BACKGROUND

The Plaintiffs initiated this action on October 22, 2019, and filed an amended complaint on November 13, 2019. The original complaint named "Brian Mills" as a defendant, but the amended complaint names "Michael Mills" and "Brian Gagnon" instead. *Compare* ECF No. 1 at 1, 3, *with* ECF No. 9 at 1, 3. Summonses were issued as to all Defendants on November 15, 2019, including a summons naming "Brian Gagnon."

On January 21, 2020, Aubain de Sabrevois, the Library's former clerk,[3] drove to Maine to serve the Defendants. The following account of her efforts is derived

---

[2] Those motions include: the Plaintiffs' Second Motion for Preliminary Injunction Against Defendants Alan Perry and Laura A. Perry (ECF No. 6); the Plaintiffs' Motion to Consider Prior Filings (ECF No. 16); the Plaintiffs' Motion for Service of Process (ECF No. 24); and the Plaintiffs' Motion to Default Non-Responsive Defendants (ECF No. 43).

In a companion order also issued today, I address motions implicating the adequacy of service of process for other Defendants who have appeared and moved to dismiss on that basis: specifically, Louise Nash, Hebert Realty Company, and Attorneys John Conway and Theodore Dilworth III (ECF No. 104).

[3] The precise nature of de Sabrevois's role at the Library is not clear from the record. In de Sabrevois's affidavit, she describes herself simply as the Library's "clerk," ECF No. 24-1 at 1, and asserts that she resigned from that position on January 13, 2020, ECF No. 24-8. Other defendants who have appeared in the case assert that de Sabrevois is an "officer," agent," or "employee of the

2

primarily from de Sabrevois's affidavit (ECF No. 24-1), which I accept as true for purposes of deciding this motion. *See Hannon v. Beard*, 524 F.3d 275, 279 (1st Cir. 2008).

De Sabrevois personally handed Gagnon a summons and complaint. Several other Defendants who received complaints from de Sabrevois on that day have asserted that they were served with the original complaint (which did not name Gagnon), rather than the amended complaint (which did).

Later, de Sabrevois went to the offices of another Defendant. According to de Sabrevois, she initially found the offices empty, but a man eventually emerged from the end of a hallway and approached her, telling her to leave. Startled, de Sabrevois dropped three summonses—including those for Attorneys Alan Perry and Laura Perry—and three copies of the complaint at the man's feet, and left.

## II. DISCUSSION

### A. Service of Process

Rule 4 of the Federal Rules of Civil Procedure governs service of process. *See Vázquez-Robles v. CommoLoCo, Inc.*, 757 F.3d 1, 4 (1st Cir. 2014). If a plaintiff fails to properly serve a defendant in accordance with Rule 4, the court lacks personal jurisdiction over that defendant unless she has waived service or otherwise consented to personal jurisdiction. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *accord Vázquez-Robles*, 757 F.3d at 2, 4.

---

Library." ECF No. 34 at 10; ECF No. 31-1 at 14. As I explain in the companion order (ECF No. 104), however, de Sabrevois's relationship with the Library—which was a named plaintiff on January 21, 2020—does not affect her capacity to serve process under Rule 4(c)(2).

3

Rule 4(e)(2) sets forth three methods of serving an individual: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."[4]

Attorneys Alan Perry and Laura Perry were not personally served, and dropping copies of the summons and complaint at the feet of an unidentified person at another attorney's office did not comply with Rule 4(e)(2)(B) or (C). These two Defendants have not been served, and this Court lacks personal jurisdiction over them.

With regard to Gagnon, the *service* was proper because de Sabrevois handed Gagnon the documents directly. However, the *process* with which Gagnon was served was insufficient, because he did not receive a copy of the complaint that named him as a defendant. *See Benjamin v. Grosnick*, 999 F.2d 590, 591 n.2, 592-93 (1st Cir. 1993). It appears that de Sabrevois distributed copies of the original complaint, not the amended complaint, on January 21, 2020, and there is no indication that Gagnon received a different version than that received by the other Defendants who were served that day. Although de Sabrevois handed Gagnon a summons that stated his correct name, it was accompanied by a complaint that does not refer to "Brian Gagnon" at all, nor does it provide any other contextual clues that might have alerted

---

[4] Service may also be accomplished by "following state law for serving a summons . . . in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). However, Maine's rule for serving an individual defendant, Me. R. Civ. P. 4(d)(1), does not provide for any additional or different methods of service than the federal rule.

Gagnon to his involvement in the lawsuit, such as referring to the Rumford Water Department. *See Blair v. City of Worcester*, 522 F.3d 105, 109-10 (1st Cir. 2008) (concluding that no additional service was required when the original, properly served complaint and the amended, improperly served complaint were "substantively identical"). Thus, Gagnon has not been served with sufficient process.

**B.     Extension of Time**

Although none of these three Defendants have been properly served with process, there are two backstops that can save the claims against them from dismissal. First, if the Plaintiffs demonstrate "good cause for the failure" to effect service, I *must* grant them an extension of time to do so. Fed. R. Civ. P. 4(m). Second, Rule 4(m) *allows* for an extension of time "for an appropriate period" even without a showing of good cause. *See* Fed. R. Civ. P. 4, Advisory Committee Note to 1993 Amendments, subdivision (m); *Bunn v. Gleason*, 250 F.R.D. 86, 88 (D. Mass. 2008). Although the First Circuit has not addressed the scope of a district court's discretion to extend time for service, other courts have held that that discretion is "broad." *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001).

I conclude that it is appropriate to allow the Plaintiffs additional time to serve Gagnon and Attorneys Alan Perry and Laura Perry. Although the Plaintiffs have failed to demonstrate good cause, they are proceeding pro se and, prior to this Order, have not been on notice of the specific deficiencies in the service and process that these Defendants received. In addition, there is no indication that granting an extension of time would prejudice the Defendants. *See Feingold v. Hankin*, 269 F. Supp. 2d 268, 277 (S.D.N.Y. June 10, 2003).

I decline, however, to grant the Plaintiffs' request to serve the Defendants by mail (ECF No. 24 at 4). The Federal Rules recognize that personal delivery of service is preferred and generally more reliable than delivery by mail, and the Plaintiffs have not shown that effecting personal service would be unreasonably burdensome or difficult in this case. The Plaintiffs must comply with Rule 4(e) in serving Gagnon and Attorneys Alan Perry and Laura Perry.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Plaintiffs' Motion for Service of Process (ECF No. 24) is **GRANTED IN PART**, as to their request for an extension of time to serve process, and **DENIED IN PART**, as to their request to serve process by mail. Ruling on the Plaintiffs' Second Motion for Preliminary Injunction Against Defendants Alan Perry and Laura A. Perry (ECF No. 6) and the Plaintiffs' Motion to Default Non-Responsive Defendants (ECF No. 43) is **RESERVED** to allow the Plaintiffs additional time to effect service. Additionally, the Plaintiffs' Motion to Consider Prior Filings (ECF No. 16) is **RESERVED IN PART**, as to their request for relief against Attorneys Alan Perry and Laura Perry.

The Plaintiffs are directed to properly serve Defendants Gagnon, Alan Perry, and Laura Perry within sixty days from the issuance of this Order. Within fourteen days after the expiration of that time, the Plaintiffs must also file proof of service with the Clerk of Court. If the Plaintiffs fail to comply with this Order, their claims against those Defendants will be dismissed without prejudice.

SO ORDERED.

Dated: October 30, 2020

                                                                                                           **/s/ JON D. LEVY**  
                                                                                    **CHIEF U.S. DISTRICT JUDGE**